## DAVID G. MITCHELL

### v.

## CHARLES P. WILLARD & COMPANY.

*Action to Recover for Machinery Sold—Evidence—Erroneous Instructions.*

In an action to recover the price of a boiler, engine and inspirator attachment, it is *held:* That it was error to admit in evidence the shipping bills of the carrier to show the condition of the machinery when shipped; that certain instructions were erroneous, there being no evidence upon which to base them; that an instruction assuming that the defendant kept men in his employ an unreasonable length of time was erroneous, the fact assumed being for the jury; and that an instruction touching the leakage of the boiler was erroneous in view of the evidence.

[Opinion filed December 11, 1886.]

IN ERROR to the Circuit Court of Winnebago County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. C. GARVER, for plaintiff in error.

Mr. M. BRAZEE, for defendant in error.

BAKER, P. J.    This was assumpsit prosecuted by Chas. P. Willard & Company, defendants in error, against David G. Mitchell, plaintiff in error, to recover the price of a boiler, engine and inspirator attachment.    The general issue was filed and with it notice of special matter of defense, to the effect that the boiler and engine were warranted to be first class in every respect; that there was a breach of this warranty and consequent damage, and that the boiler and engine were worth less than the contract price; and further that by the terms of the agreement they were to have been delivered in ten days from the date of the contract, February 4, 1883, and were not delivered before March 16, 1883, whereby, it was claimed, the plaintiff in error was damnified as stated in the notice.

There was a jury trial, and a verdict and judgment in favor of defendants in error for almost the full amount of their claim.

The evidence is conflicting; and it is not necessary to discuss it.

Several errors were committed during the progress of the trial that require a reversal of the judgment.    It was error to admit in evidence, over the objections of plaintiff in error, the shipping bills of the engine and boiler given by the Chicago and Northwestern Railway Company for the purpose of showing the machinery was in good order and condition when shipped at Chicago.    The statements in these bills of lading were the statements of the agents of the railway company, and not the statements of plaintiff in error, or of any one authorized to speak for him.    These statements might have been proper testimony if the litigation had been against such com-

pany; but they were not competent evidence against plaintiff in error.

The first, third and fourth instructions for defendants in error were erroneous. There was no evidence before the jury tending to show that any injury was done or occasioned to either the boiler or engine while in course of transportation or after their shipment from Chicago, or arrival at Rockford. As disclosed by the testimony, the contention of plaintiff in error was, that the boiler and engine were not properly made and constructed, and were not first class articles; and the contention of defendants in error was, that they were properly made and constructed, and first class in every respect. The instructions under consideration told the jury that defendants in error were not responsible for imperfections or injuries caused or occasioned by transportation from Chicago to Rockford, or in unloading the boiler and engine, or in placing them in the place of business of the plaintiff in error. There was no evidence to base these three instructions of the court upon, and they called the attention of the jury from the real to a fictitious issue, and intimated to them a defense not suggested by the proofs. See Grim v. Murphy, 110 Ill. 271. The effect of those instructions was all the more injurious when taken and considered in connection with the admission in evidence of the shipping bills, and the reference in one or more of the instructions to the statements made in these bills that the articles shipped were in "good order."

The sixth instruction was also objectionable. It assumed that the plaintiff in error hired and retained men in his employ for an unnecessary and unreasonable length of time. The question whether or not such was the fact should have been left to the jury to determine.

The seventh instruction was as follows:

" Although the jury believe from the evidence that the boiler in question when it was first heated up, sweat and leaked some water and steam to some extent, still if the jury believe from the evidence that boilers of first class quality and make usually leak steam and water when first heated up, and they afterward become tight and proper for use, you are instructed

that the said fact of sweating and leaking is not sufficient ·of itself to show that the boiler in question was not a first class boiler for the purposes for which it was intended and purchased."

The evidence of the plaintiff in error tended to prove not only that the boiler leaked very badly when it was first put up and for a considerable length of time, and that he expended money in making repairs and curing defects, and was thereby delayed in his business, but also that it had always leaked since it was first put in place, and continued to leak down to the time of the trial, a period of more than two years. The evidence of defendants in error tended to prove that boilers, even first class quality and make, most usually leak, to some extent, at first firing, and for a few days. In the light of the evidence it would seem this seventh instruction was inaccurate, erroneous and calculated to mislead. This boiler may have leaked much more than first class boilers ever leak, and the leaking instead of being a mere temporary matter of a few days, may have continued for years; and yet the jury would understand, from the instructions, that they would not regard such fact of leaking as sufficient to show that the boiler was not a first class boiler.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*